IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMPSON BENALLY and
ELLIOTT J. CLARK,

     Plaintiffs,

v.                                              CIV 06-0592 JH/RHS

ROSENFELT & BUFFINGTON, P.A.
d/b/a THE INJURY LAW CENTER,
DANIEL M. ROSENFELT and
FORREST G. BUFFINGTON,

     Defendants.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

     The Honorable Judith C. Herrera referred several pending motions to me pursuant to 28 U.S.C. § 636(b)(1)(A) for proposed findings and recommended disposition. *Doc. 103.* After having reviewed the motions, memoranda and exhibits submitted by the parties, I listened to the arguments of counsel made to the Honorable Robert H. Scott on November 14, 2007. I also heard oral argument in Albuquerque on December 15, 2007. I now make my recommendations for Judge Herrera's consideration.

### PROPOSED FINDINGS OF FACT

     1. Plaintiffs filed this action on July 3, 2006 which arises out of Defendants' representation of Plaintiffs in a wrongful death suit ("underlying action") from approximately March of 2005 through approximately February of 2006.

     2. The Complaint in this action was signed by attorney Paul Barber listing Barber & Borg, LLC as the "Attorneys for Plaintiffs."

3. The attorneys of Barber & Borg, LLC at all times material are Paul Barber and Scott Borg.

4. Before becoming Paul Barber's law partner, Scott Borg was an officer, director, shareholder and employee of the firm that is presently known as Rosenfelt & Buffington, P.A. (*i.e.* the Rosenfelt firm which is a Defendant in this action).

5. Before Scott Borg was terminated on April 18, 2005, the firm was a closely held professional corporation known as Rosenfelt, Buffington & Borg, P.A.

6. Scott Borg was a "partner" of Rosenfelt, Buffington & Borg, P.A. at the time the firm agreed to represent the Plaintiffs, and he took part in the decision to accept the case for representation.

7. Other than taking part in accepting the case for representation, Scott Borg personally had nothing to do with the representation of Plaintiffs in the underlying action.

8. As part of his employment agreement with Rosenfelt, Buffington & Borg, P.A., Scott Borg was to be paid a portion of the attorney's fees that the firm obtained from its representation of Plaintiffs in the wrongful death case after he left the firm's employment.

9. The Rosenfelt firm made monthly payments to Mr. Borg which included attorneys fees that the firm obtained from cases that were pending at the time of Mr. Borg's termination, including fees received as a result of the representation of Plaintiffs in the wrongful death case.

10. The Rosenfelt firm filed suit against its former "partner" Scott Borg, entitled *Rosenfelt & Buffington, P.A. v. Scott E. Borg,* CV 2005-05818, relating to Scott Borg's termination from the Rosenfelt firm, and that litigation recently settled.

11. As a result of that settlement, the Rosenfelt firm will make monthly payments to Scott

Borg for some time, assuming the Rosenfelt firm remains solvent and able to make those future payments.

12. On August 16, 2007, Defendants wrote to Paul Barber pointing out some of the conflicts asserting that they preclude Barber & Borg, LLC from representing Plaintiffs in the current lawsuit.

13. Shortly after receiving the letter, Barber & Borg, LLC withdrew from representing the Plaintiffs, and Jeffrey A. Dahl entered his appearance and continues to represent Plaintiffs .

14. On August 29, 2007, one year after that withdrawal and just two days before the scheduled settlement conference, Paul Barber of Barber & Borg, LLC again entered his appearance to represent Plaintiffs.

15. Barber was asked to re-enter the case by Plaintiffs because of his rapport with the them and also his specific knowledge and experience handling personal injury claims on the Navajo Reservation and understanding of Navajo Tribal Law.

16. On August 30, 2007, counsel for Defendants faxed a letter to Paul Barber asking "how the conflicts with your firm's representation of plaintiffs which existed a year ago do not still exist."

17. Mr. Barber simply responded that he had "no wish to argue through correspondence about your earlier issues" and indicated that Plaintiffs wanted him to attend the mediation in the belief that there would be "a greater chance of a successful resolution" if Mr. Barber participated.

18. Although the parties negotiated in good faith on August 31, 2007 before private settlement facilitator Bruce Hall, they were unable to reach a negotiated resolution to this matter because of their differing views on the value of potential compensatory damages.

19.  Defendants have filed motions seeking to disqualify the firm of Barber & Borg *(Doc. 79)*, to obtain a protective order prohibiting any further involvement by the firm and to quash that firm's discovery requests *(Doc. 97)*, and requesting sanctions for alleged bad faith settlement negotiations *(Doc. 99)*.

20.  Mr. Barber has engaged in multiple discussions with Plaintiffs in an attempt to inform them of the potential and actual conflicts of interest as to representation of them in this lawsuit by the Barber & Borg law firm.

21.  As demonstrated by his deposition testimony, Plaintiff Thompson Benally fails to understand the situation and has not made a knowing and voluntary waiver of those conflicts of interest.

22.  In this legal malpractice lawsuit, Plaintiffs assert that Defendants breached their duties to Plaintiffs by entering into representation agreements with other claimants to the wrongful death proceeds who allegedly had interests in conflict with Plaintiffs.

23.  Plaintiffs claim that they did not knowingly waive the conflicts of interest between themselves and the other claimants to the wrongful death proceeds to permit Defendants to represent those other claimants.

24.  Plaintiffs also claim that Elliott Clark's agreement to settle the wrongful death claims using Arizona law was not made knowingly.

.    25.  Plaintiffs are seeking actual and punitive damages against the Rosenfelt firm in the current lawsuit.

## CONCLUSIONS OF LAW

1.  Because Scott Borg had no personal involvement in the actual representation of

Plaintiffs in the underlying lawsuit, he would not be personally liable for any negligence in the underlying lawsuit by the Rosenfelt firm's employees.

2. Under the facts of this case, Scott Borg does not owe a continuing fiduciary duty to the Rosenfelt law firm not to profit from this case to the detriment of the Rosenfelt firm simply because he was an officer, shareholder and director in that firm at a time when it represented Plaintiffs in the underlying action.

3. As a result of the monthly payments that Scott Borg is to receive from the Rosenfelt firm, however, he has acquired a personal financial interest that is potentially adverse to Plaintiffs' interests in obtaining and collecting a damage award against the Rosenfelt firm.

4. Scott Borg's interests are in conflict with the interests of the Plaintiffs.

5. In the absence of full disclosure and a knowing and voluntary waiver of Scott Borg's conflicts of interest with the Plaintiffs, the law firm of Barber & Borg, LLC is disqualified from representing Plaintiffs in the current lawsuit.

6. Given the nature of the claims said to arise from Defendants' representation of Plaintiffs in the underlying action (*i.e.*, failure of the Defendants to obtain knowing and voluntary waivers of conflicts of interest as to joint representation of other potential claimants to the underlying wrongful death proceeds), any doubt as to a valid waiver in this action should be resolved in favor of Defendants.

7. Plaintiffs have not knowingly waived the conflicts between their interests and Scott Borg's interests.

8. Although Plaintiffs would prefer that Mr. Barber represent them, other members of the New Mexico bar have significant knowledge and experience in Navajo law and customs and

would be available to assist in the representation of Plaintiffs in this matter.

9.  Allowing Barber & Borg, LLC to continue representing Plaintiffs in the current lawsuit will not preserve public trust in the scrupulous administration of justice and the integrity of the bar.

10.  Defendants' Expedited Motion to Disqualify Barber & Borg, LLC as Plaintiff's Counsel *(Doc. 79)* should be granted.

11.  Defendants' Motion for Protective Order to Prohibit Paul Barber's Involvement in Any Proceedings and to Quash Discovery He Has Served Until the Court Rules on Defendants' Motion to Disqualify Barber & Borg, LLC *(Doc. 97)* should be granted.

12.  Defendants' Motion for Sanctions for Bad Faith Settlement Negotiations *(Doc. 99)* should be denied.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE