## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMPSON BENALLY and ELLIOTT J. CLARK,

        Plaintiffs,

vs.                                    No. 06-CV-0592 JCH/RHS

ROSENFELT & BUFFINGTON, P.A. d/b/a THE
INJURY LAW CENTER, DANIEL M.
ROSENFELT, and FORREST G. BUFFINGTON,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Partial Summary

Judgment to Declare that Arizona Law is the Correct Law to Apply to the Plaintiffs'

Underinsured Motorist Claims ("Motion"), filed March 7, 2007 [Doc. 42].  The Court having

considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that

Defendants' Motion for Partial Summary Judgment to Declare that Arizona Law is the Correct

Law to Apply to the Plaintiffs' Underinsured Motorist Claims is not well taken and will be

denied.

### BACKGROUND[1]

On January 28, 2005, Lorita Benally, Sylvanna Clark, Sylvania Clark, and Tom

Grandson were killed in a motor vehicle accident on U.S. Highway 160, a public highway near

Red Mesa, Arizona which runs through the Navajo Nation.  Tom Grandson was Lorita Benally's

boyfriend.  Sylvanna and Sylvania Clark were daughters of Lorita Benally and her divorced

husband, Steven Clark, Jr.  The address of the decedents was listed as Provo, Utah on the police

---

[1]The following facts are either undisputed or construed in Plaintiffs' favor.

report.

Tom Grandson and Lorita Benally entered into a contract of insurance with GEICO on January 14, 2005, to insure their 2004 Dodge vehicle; the policy included underinsured motorist coverage.  The GEICO insurance contract identifies itself as a Utah policy.

Lorita Benally had also entered into an underinsured motorist policy with American Family Insurance Company ("American Family") to insure another vehicle.  Lorita Benally's insurance policy with American Family was effective at the time of the accident.  The American Family insurance policy identified itself as a Utah policy.  Both GEICO and American Family operate in Arizona and Utah.

Plaintiff Thompson Benally identifies himself as a citizen of Arizona.  Plaintiff Elliott Clark identifies himself as a citizen of the State of Arizona or Utah.  The tortfeasor was a member of the Navajo Nation.[2]

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'"  *Thrasher v. B & B Chem. Co.,* 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted).  Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

_____

[2]While Defendants apparently do not dispute that Lorita Benally, Sylvanna Clark and Sylvania Clark were members of the Navajo Nation, they contend that these individuals were not residents of the Navajo Nation.  (See Response at 6 (citing Complaint ¶ 15; Answer ¶ 16)).

judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). "'Instead, the movant only bears the initial burden of 'showing' - - that is, pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g., Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

3

**DISCUSSION**

As a preliminary matter, I note that while Plaintiffs dispute the materiality of a number of Defendants' Undisputed Material Facts ("Facts"), they do not challenge the accuracy of any of those Facts. Accordingly, all material facts set forth in Defendants' Motion are deemed admitted. *See* D.N.M.LR-Civ. 56.1(b) (providing that "[a]ll material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted").

Defendants move for summary judgment in their favor declaring that Arizona law is the correct law to apply in adjudicating the underinsured motorist claims. Defendants emphasize that this Motion "addresses *only* the appropriateness of applying Arizona law to the underinsured motorist policies [of Tom Grandson and/or Lorita Benally], and does not address the law that should be applied to the distributions from the tortfeasor's policy." (Motion at 2 (italics added)). Defendants argue that because the Navajo Nation courts "did not have jurisdiction to adjudicate Plaintiffs' underinsured motorist claims against GEICO and American Family Insurance Company,[3] the Plaintiffs would have the option to bring their claims in the courts of either Arizona or Utah."[4] (Motion at 7-8 (footnote omitted)).

Defendants note that "the [choice of law] analysis for a wrongful death claim is distinct from the analysis for a contract claim." (Motion at 9). However, Defendants then go into a choice of law argument regarding "the applicable law in a right of action for *wrongful death*,"

---

[3]In a previous order, I granted Defendants' Motion for Summary Judgment to Declare that Navajo Nation Courts did not have Jurisdiction to Adjudicate Plaintiffs' Underinsured Motorist Claims. (See Memorandum Opinion and Order, filed Sept. 24, 2007 [Doc. 88]).

[4]Defendants contend that the courts of either Arizona or Utah "likely could assert personal jurisdiction over GEICO and American Family Insurance Company since it appears that both insurers conduct business activities in both states . . . ." (Motion at 8).

4

without offering any rationale why Plaintiffs would file a wrongful death claim, rather than a contract claim, against GEICO and American Family.  (Motion at 9 (emphasis added)).  The basis for such an action is not apparent to the Court.  *See*, *e.g.*, *Rhody v. State Farm Mutual Insurance Co.*, 771 F.2d 1416 (10th Cir. 1985) (discussing Oklahoma conflict of laws rule in a contract case, where parents sought recovery of uninsured benefits from insurance company following the wrongful death of their son).  Nor does the Court find Plaintiffs' response brief particularly helpful.

## CONCLUSION

Because the parties fail to adequately explain the basis of Plaintiffs' potential claims against GEICO and American Family, the Court is unable to determine what conflict of law principles would apply and whether Arizona law is the correct law to apply to Plaintiffs' underinsured motorist claims.  Accordingly, Defendants' Motion will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment to Declare that Arizona Law is the Correct Law to Apply to the Plaintiffs' Underinsured Motorist Claims, filed March 7, 2007 [Doc. 42] is hereby **DENIED**.

_____

UNITED STATES DISTRICT JUDGE