IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMPSON BENALLY, et. al,**

    **Plaintiff,**

**v.**                                                            **CIV 06-0592 JCH/RHS**

**DANIEL M ROSENFELT, et. al,**

    **Defendants.**

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Magistrate Judge Karen Molzen filed proposed findings on December 28, 2007, recommending that Barber & Borg, LLC be disqualified as Plaintiff's Counsel, that Defendants have a protective order for any discovery involving Paul Barber until the time that the disqualification motion was ruled on, and that no sanctions for settlement negotiations be awarded. *See Doc. 111* at 6.

The Court advised all parties that objections were due within ten days of receipt or else would be waived. *See id.; see also* 28 U.S.C. § 363(b)(1). After being granted an extension, Plaintiffs filed timely objections. *See Docs. 113, 115, 125.* The objections simply assert the Magistrate Judge should have adopted certain of their tendered proposed findings of fact and conclusions of law. *See Docs. 110, 125.* They do not set forth any factual or legal basis for their

position.  General objections will not suffice.[1]

Furthermore, the Magistrate Judge made her findings following a hearing where she heard from both parties.  In the absence of specific objections, I defer to the credibility determination that necessarily underlies her recommendations.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Plaintiff's Objections *(Doc. 116)* are **OVERRULED**;

2.  The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 111)* is **ADOPTED** in its entirety;

3.  Defendants' Expedited Motion to Disqualify Barber & Borg, LLC as Plaintiff's Counsel *(Doc. 79)* is **GRANTED**.

4.  Defendants' Motion for Protective Order to Prohibit Paul Barber's Involvement in Any Proceedings and to Quash Discovery He Has Served Until the Court Rules on Defendants'

---

[1] As the Tenth Circuit has explained, one who objects to a magistrate judge's findings and recommendations must do so with specificity:

> Ms. Segovia's objection to the magistrate judge's findings and recommendations regarding these arguments was conclusory and non-specific.  Such statements are insufficient: "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Soliz [v. Chater,* 82 F .3d 373, 375-76 (10th Cir. 1996]] (finding general objection "not sufficient to preserve the more specific issues plaintiff attempts to raise on appeal"); FED.R.CIV.P. 72(b) (requiring a party to file "specific" objections).  While the firm waiver rule does not apply when the interests of justice require review, *Morales-Fernandez v. INS,* 418 F.3d 1116, 1119 (10th Cir.2005), Ms. Segovia has offered no justification for invoking this exception to the rule and none affirmatively appears from the circumstances of record.  Thus, we decline to consider her arguments. . . .

*Segovia v. Astrue,* 226 Fed. Appx. 801, 804-805 (10th Cir. 2007).

Motion to Disqualify Barber & Borg, LLC *(Doc. 97)* is **GRANTED**; and

    5.  Defendants' Motion for Sanctions for Bad Faith Settlement Negotiations *(Doc. 99)* is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE