IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMPSON BENALLY and
ELLIOTT CLARK,

        Plaintiffs,

vs.                                                                                    Civ. No.  06-0592 JCH/RHS

ROSENFELT & BUFFINGTON, P.A.,
d/b/a THE INJURY LAW CENTER,
DANIEL M. ROSENFELT and
FORREST G. BUFFINGTON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On February 13, 2008, the Court entered a Memorandum Opinion and Order [Doc. 122], which denied Defendants' Motion for Partial Summary Judgment to Declare that Arizona Law is the Correct Law to Apply to the Plaintiffs' Underinsured Motorist Claims.  On February 25, 2008, Defendants filed a Motion to Reconsider this decision.  [Doc. 130.]  Having considered the briefs and the relevant law, the Court finds that Defendants' motion should be denied to the extent that it seeks a determination that Arizona law applied to any underinsured motorist *claims*.  However, to the extent that the Defendants seek a determination that Arizona law applied to the distribution of underinsured motorist proceeds, the Court declines to consider this issue apart from the issue of which law applied to the distribution of *all* insurance proceeds.

### DISCUSSION

In their Motion for Reconsideration, Defendants claim that the issue raised in their original motion was whether Arizona law applies to the distribution of underinsured motorist proceeds.  Yet Defendants couched that motion in terms of the law applicable to Plaintiffs'

"underinsured motorist *claims*," rather than in terms of the law applicable to the *distribution* of underinsured motorist *proceeds*.  For instance, Defendants argued that because the Navajo Nation courts "did not have jurisdiction to adjudicate Plaintiffs' underinsured motorist claims against [the carriers], the Plaintiffs would have the option to bring their claims in the courts of either Arizona or Utah."  [Doc. 42, at 7-8.]  Because the parties failed to adequately explain the basis of any potential claims against the uninsured motorist carriers, the Court was unable to determine whether Arizona law was the correct law to apply under conflict of law principles.  Accordingly, Defendants' motion was denied.

With the benefit of context provided by the parties' dispositive motions filed after the Court's February 13, 2008 Order as well as additional briefing on Defendant's Motion to Reconsider, the Court now finds Defendants' position to be more clear and defined.  Although Defendants may have initially conflated the issue of the law applicable to a coverage claim against an underinsured motorist carrier and the issue of the law applicable to the distribution of uninsured motorist proceeds, it now appears that Defendants do indeed seek a determination of the latter and not the former.

What remains unclear, however, is why Defendants have attempted to make a distinction between the distribution of underinsured motorist proceeds and the distribution of other insurance proceeds.  In the Court's view, the better approach is to determine whether Arizona or Navajo law applied to the distribution of *all* proceeds, rather than to determine the law applicable to distributions in a piecemeal fashion.

Plaintiffs have filed a Motion for Partial Summary Judgment to Declare that Navajo Law Should Have Controlled the Distribution of All Insurance Proceeds Arising from the Accident of

January 28, 2005.  *See* [Doc. 165.]  The position advanced by Defendants in response to this motion is that Arizona law, rather than Navajo law, applied to the distribution of all insurance proceeds.  Thus, the Court will necessarily consider Defendants' position regarding the law applicable to the distribution of underinsured motorist proceeds when it considers its position regarding the law applicable to the distribution of *all* insurance proceeds.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration, filed February 25, 2008 [Doc. 130], is **DENIED** to the extent that it seeks a determination that Arizona law applied to any underinsured motorist *claims*.  However, to the extent that the Defendants seek a determination that Arizona law applied to the distribution of underinsured motorist *proceeds*, the Court declines to consider this issue apart from the issue of which law applied to the distribution of *all* insurance proceeds.

Dated this 19th day of September 2008.

_____
UNITED STATES DISTRICT JUDGE